DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the judgment of the Hocking County Common Pleas Court, dismissing the offense of disseminating matter harmful to juveniles, a violation of R.C. 2907.31(A)(1), against Michael D. Stephenson. Stephenson filed a motion to dismiss after the State filed a Bill of Particulars. The court granted Stephenson's motion after finding insufficient evidence to support the element of "directly." On appeal, the State contends that communicating over the internet a web address, which the recipient merely clicks on to discover obscene or harmful material, is sufficient evidence to support the element of "directly disseminating obscene or harmful material to a law enforcement officer posing as a juvenile." Because a recent federal district court decision found part of R.C. 2907.31 unconstitutional and prohibits all 88 county *Page 2 
prosecutors in the State of Ohio from enforcing the unconstitutional part as it relates to the internet, we find the State's issue moot and do not address it. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} R.C. 2907.31(A)(1) states, "No person, with knowledge of its character or content, shall recklessly * * * [d]irectly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles[.]"
 {¶ 3} The Ohio Legislature expanded R.C. 2907.31 to include disseminating matter harmful to juveniles over the internet when it added certain internet provisions. The internet provision at issue here is R.C. 2907.31(D)(1), which states, "A person directly sells, delivers, furnishes, disseminates, provides, exhibits, rents, or presents or directly offers or agrees to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present material or a performance to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section by means of an electronic method of remotely transmitting information if the person knows or has reason to believe that the person receiving the information is a juvenile or the group of persons receiving the information are juveniles."
 II. *Page 3 {¶ 4} A Hocking County Grand Jury indicted Stephenson for disseminating matter harmful to juveniles, a violation of R.C. 2907.31(A)(1). Because the matter involved the internet, R.C. 2907.31(D)(1) is implicated.
 {¶ 5} Stephenson entered a not guilty plea and requested a Bill of Particulars. The State furnished the same. The crux of the State's facts shows that Stephenson allegedly communicated, over the internet in a chat room, a web address to a law enforcement officer posing as a 14-year-old juvenile. The web address was "www.89.com." One click of the web address led the officer to various other web addresses, some of which contained matter harmful to juveniles.
 {¶ 6} Stephenson, through his counsel, moved to dismiss the indictment based on the information contained in the Bill of Particulars. He argued that, accepting the State's facts as true, he did not "directly" disseminate matter harmful to juveniles." Instead, he disseminated a web address, which in and of itself, is not "directly" harmful to juveniles. The State argued that Stephenson did "directly" disseminate harmful material. It claimed that Stephenson's act was the same as handing a juvenile a magazine containing harmful material, requiring only that the juvenile open it.
 {¶ 7} The court made its findings and granted the motion to dismiss, apparently under Crim. R. 48(B). It defined "directly" as "without anyone or anything intervening; in a direct way." It further noted that "[a]mbiguities in criminal statutes must be resolved in favor of the defendant." *Page 4 
 {¶ 8} The State appeals and asserts the following assignment of error: "The Trial Court erred in its Judgment Entry dismissing the Indictment against the defendant on Disseminating Matter harmful to Juveniles, ORC Section 2907.31(A)(1) by finding that the officer's additional act in opening the website was an intervening act of another, and that directly means anyone or anything intervening in a direct way."
 III. {¶ 9} For the reasons that follow, we do not address the State's sole assignment of error. After the trial court's dismissal, a federal district court found R.C. 2907.31(D)(1) unconstitutional and prohibited all 88 county prosecutors in the State of Ohio from enforcing it as it relates to the internet.
 {¶ 10} In American Booksellers Foundation for Free Expression v.Strickland (S.D.Ohio,2007), 512 F.Supp.2d 1082 (hereinafter"Booksellers"), a group of publishers, distributors, retailers, and website distributors ("plaintiffs") brought suit against Ohio's governor, attorney general, and all 88 county prosecuting attorneys ("defendants"), challenging the constitutionality of, inter alia, R.C. 2907.31(D)(1), which prohibits the dissemination over the internet of material harmful to juveniles. The Booksellers court, after it found R.C. 2907.31(D)(1) unconstitutional, granted a permanent injunction, which prevents the defendants from enforcing R.C. 2907.31(D)(1) as it relates to the internet.
 {¶ 11} The Ohio Legislature, by enacting R.C. 2907.31(D(1), referred to as an internet provision, expanded a violation of, inter alia, R.C. 2907.31(A)(1) to include the internet. Id. *Page 5 
 {¶ 12} The First Amendment protects sexual expression between adults that is indecent but not obscene. See, e.g., Sable Communications ofCalifornia, Inc. v. F.C.C. (1989), 492 U.S. 115, 126. However, on the internet, there is often an absence of viable age verification technology. Reno v. ACLU (1997), 521 U.S. 844, 876.
 {¶ 13} The Booksellers court found that under the over breadth doctrine of the First Amendment, R.C. 2907.31 (D)(1) was unconstitutional on its face. This is because the statute restricts protected speech between adults, in addition to speech the state would otherwise be permitted to regulate. The court stated that adults have no way of ensuring that their communications in, inter alia, chat rooms would be among adults only. The court noted that an indecent (as opposed to an obscene) communication would certainly be protected if it was an adult-to-adult communication. On the other hand, the same indecent communication may not be protected if communicated adult-to-child. The court concluded that the statute insufficiently protected adult-to-adult communications. Thus, it concluded the statute is overbroad. The court further found that the Ohio Legislature did not narrowly tailor R.C. 2907.31(D)(1) to achieve its compelling interest in protecting minors from pedophiles on the internet. Therefore, the court also found that the statute violated the First Amendment under the strict scrutiny test.
 {¶ 14} Here, as discussed in Booksellers, Stephenson communicated the alleged harmful material over the internet in a chat room. Therefore, the alleged R.C. 2907.31(A)(1) violation implicates R.C. 2907.31(D)(1). Consequently, the *Page 6 
Hocking County Prosecutor, as a defendant in Booksellers, is prohibited from enforcing this alleged violation.
 {¶ 15} Accordingly, we find the State's assignment of error moot and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment Only. *Page 1